UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINE MARIE REEVES,

                Plaintiff,

   -against-                               1:21-CV-0659 (LEK/DJS)

THE STATE OF NEW YORK, ALBANY
COUNTY FAMILY COURT, AND
BROOME COUNTY FAMILY COURT

                Defendants.

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Christine Marie Reeves commenced this *pro se* action on June 6, 2021. Dkt. No. 1 ("Complaint"). The Complaint, construed liberally, alleges irregularities in court proceedings involving a child custody matter. Id. While the exhibits to the Complaint paint a tumultuous picture, the structure and contents of the Complaint, which fails to satisfy the basic pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, make it difficult to discern any viable claims for relief. Subsequent supplemental filings, Dkt. Nos. 5, 9, and 10, do not clarify the nature of Plaintiff's claims.

On June 23, 2021, Plaintiff sought leave to proceed in forma pauperis. Dkt. No. 7. On July 23, 2021 that motion was granted, Dkt. No. 13, and the Honorable Daniel J. Stewart, filed the Report-Recommendation and Order presently at issue. Dkt. No. 14 ("Report-Recommendation"). On August 9, 2021, Plaintiff requested an extension of time to file objections to the Report-Recommendation. Dkt. No. 16. The request was granted and a new deadline of August 18, 2021 was set. Dkt. No. 17. On August 19, 2021, after the extension

deadline had passed, the Court received Plaintiff's Objections to the Report-Recommendation. Dkt. No. 18 ("Objections").

Now before the Court is a Report-Recommendation filed by the Honorable Daniel J. Stewart, recommending that the Court dismiss the action in its entirety. Dkt. No. 14 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation, except that Plaintiff's Complaint is dismissed <u>without</u> prejudice and with leave to amend within sixty days.

## II.   BACKGROUND

### A.  Factual Allegations

Plaintiff's factual allegations are not clearly articulated in the Complaint. However, because the Complaint is dismissed on procedural and sovereign immunity grounds, the precise factual allegations are not material. <u>See</u> R. & R. at 4–6.

### B.  The Report-Recommendation

On July 23, 2021, Judge Stewart thoroughly reviewed Plaintiff's Complaint and found that it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. <u>Id.</u> at 4–5. He further found that the Complaint is barred because Defendants are protected by sovereign immunity under the Eleventh Amendment.[1] <u>Id.</u> at 5–6.

## III.   STANDARD OF REVIEW

---

[1] This finding assumes that the defendants in this matter include only those parties listed in the Complaint caption as required by F.R.C.P. 10(a), namely The State of New York, Albany County Family Court, and Broome County Family Court. Elsewhere in the Complaint and in Plaintiff's Objections, Plaintiff implies that various other parties, including several government officials, are also defendants. To the extent that Plaintiff amends her Complaint to seek injunctive relief against state officials in their official capacities, and includes such officials as defendants in the caption of her amended complaint, such relief would not be barred by the Eleventh Amendment. <u>Olivo v. New York State Dep't of Corr. & Cmty. Supervision</u>, 2017 WL 2656199, at *3 (N.D.N.Y. June 20, 2017) (citing <u>Santiago v. New York State Dep't of Corr. Serv.</u>, 945 F.2d 25, 32 (2d Cir. 1991))

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.    DISCUSSION

Plaintiff did not file objections to the Report-Recommendation by August 18, 2021, when they were due pursuant to an extension granted by the Court. See Docket. Instead, she filed Objections on August 19, 2021. See id. Where a "party does not timely object to a report and recommendation, a district court reviews the report and recommendation for clear error." McNeil v. Annucci, No. 18-CV-1560, 2019 WL 2433595, at *1 (S.D.N.Y. June 11, 2019); see also Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late); Seymour v. Saul, No. 19-CV-2466, 2021 WL 3168626, at *3 (S.D.N.Y. July 27, 2021). Here, Plaintiff's

Objections were not timely filed; consequently, the Court reviews the Report-Recommendation for clear error.[2]

The Court finds no clear error with regard to the Report-Recommendation's holdings, and therefore adopts them in their entirety. However, the Court does modify the Report-Recommendation to dismiss Plaintiff's Complaint <u>without</u> prejudice and with leave to amend. "Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' <u>Incorvati v. CIS Ombudsman</u>, No. 21-CV-280, 2021 WL 3417830, at *2 (N.D.N.Y. Aug. 5, 2021) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 704–05 (2d Cir. 1991)). Here, Plaintiff has not had an opportunity to amend her Complaint. As in <u>Incorvati</u>, "Plaintiff's complaint does not identify the claims under which the action would proceed, nor the statutes under which [s]he brings [her] claim, and even the actual identity of the defendants is unclear," <u>Id.</u> However, particularly in light of Plaintiff's Objections, the Court cannot rule out the possibility that a more orderly complaint would raise a valid claim. As such, it provides Plaintiff with an opportunity to amend.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED and ADOPTED** in its entirety except regarding the prejudice accompanying dismissal; and it is further

---

[2] Had Plaintiff timely filed her Objections, the Court would still have reviewed Magistrate's opinion for clear error. Plaintiff's Objections do not identify specific "proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b), instead arguably seeking to replead the Complaint. <u>See</u> Dkt. No. 18.

**ORDERED**, that the Complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend within sixty (60) days**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 02, 2021
           Albany, New York


Lawrence E. Kahn
Senior U.S. District Judge