**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTINE MARIE REEVES,

                                  Plaintiff,

                v.                            1:21-CV-659
                                                        (LEK/DJS)

THE STATE OF NEW YORK, ALBANY COUNTY
FAMILY COURT, and BROOME COUNTY FAMILY
COURT,

                                  Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

CHRISTINE MARIE REEVES
Plaintiff, *Pro Se*
Orange, Massachusetts 01364

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

      The Complaint in this action was originally filed on June 1, 2021. Dkt. No. 1. On July 23, 2021, the undersigned issued a Report-Recommendation which recommended dismissal of the Complaint with prejudice. Dkt. No. 14. The District Court adopted the Report-Recommendation insofar as it recommended dismissal of the Defendants named in the Complaint, but permitted Plaintiff leave to amend. Dkt. No. 22 at pp. 4-5. Plaintiff has now filed an Amended Complaint which is before the Court for review under 28

U.S.C. § 1915(e).  Dkt. No. 25, Am. Compl.  The standard for that review was set forth in this Court's prior Report-Recommendation and will not be repeated here.

## II. DISCUSSION

This is not Plaintiff's first legal action in this Court.  *See In re Reeves*, 20-CV-523 (BKS/DJS); *Reeves v. Department of Children Youth and Families*, 20-CV-987 (BKS/DJS).  The facts underlying the Amended Complaint are similar to those asserted in prior actions.  The crux of Plaintiff's allegations relate to disputed child custody matters that have gone on for some time.  *See generally* Am. Compl.  The Amended Complaint names ten Defendants and asserts fifteen causes of action under 42 U.S.C. § 1983.  Upon review, this Court again recommends dismissal.

### A. Judicial Immunity

Two Defendants named in this action, Maney and Joyce, are state court judges. *See* Dkt. No. 25-1 at p. 18.  The Second Circuit has held that "absolute immunity is appropriate for judges in the exercise of their judicial function."  *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990)).  Judicial immunity is applicable to conduct taken by the court as part of its judicial power and authority, and its absolute protection extends to all judicial acts except those performed in the clear absence of all jurisdiction. *See Pierson v. Ray*, 386 U.S. at 554.  The nature of Plaintiff's claims against these individuals relates directly to judicial actions they are alleged to have taken regarding Plaintiff's ongoing family court matters.  *See*, *e.g.*, Am. Compl. at p. 18.  A claim seeking to hold judges accountable for their rulings is plainly barred by absolute immunity.  *Young*

*v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

Claims against Maney and Joyce, therefore, should be dismissed based on judicial immunity.

### B. Defendant Supovtiz

It appears from Plaintiff's submissions that Defendant Supovitz was the court appointed law guardian for Plaintiff's child. Dkt. No. 25-1 at p. 18. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)) (internal quotations and alterations omitted). To the extent Plaintiff seeks to proceed under section 1983 against Supovitz, dismissal is appropriate because "an attorney for the children or law guardian is not a state actor" even if appointed by the State. *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011); *see also*

*LeClair v. Vinson*, 2019 WL 1300547, at *6 (N.D.N.Y. Mar. 21, 2019), *report and recommendation adopted*, 2019 WL 2723478 (N.D.N.Y. July 1, 2019).

### C. Conspiracy Claims

Plaintiff brings a claim of conspiracy. Am. Compl. at pp. 23-24. Plaintiff alleges a broad conspiracy to injury her and deprive her of her rights. The Amended Complaint, however, fails to offer specific facts in support of the claim. "To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant acted in a wilful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts. Conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983." *O'Neil v. Bebee*, 2010 WL 502948, at *9 (N.D.N.Y. Feb. 10, 2010) (internal citations and quotation marks omitted). "For purposes of a court's review under section 1915(e) . . . it is not sufficient merely to [allege] the existence of a conspiracy in wholly conclusory terms." *McIntyre v. Battisti*, 2016 WL 791467, at *5 (N.D.N.Y. Feb. 4, 2016), *report and recommendation adopted*, 2016 WL 799334 (N.D.N.Y. Feb. 29, 2016). Plaintiff has failed to offer anything more than conclusory allegations of a conspiracy and her claims should, therefore, be dismissed. *See Wilson v. Cty. of Onondaga*, 2021 WL 5971316, at *9 (N.D.N.Y. Apr. 21, 2021), *report and recommendation adopted*, 2021 WL 5967130 (N.D.N.Y. Dec. 16, 2021).

### D. *Brady* violations

Plaintiff alleges violations of her rights under *Brady v. Maryland*, 373 U.S. 83 (1963), specifically that exculpatory information was ignored by Defendants. Am. Compl. at pp. 25-26. *Brady* requires the disclosure of both exculpatory and impeachment evidence. *See United States v. Middlemiss*, 217 F.3d 112, 123 (2d Cir. 2000). However, there is no *Brady* violation when the defendant is aware of the exculpatory evidence. *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001). Plaintiff's allegations here are not that there was exculpatory evidence that was not disclosed to her, but rather that exculpatory evidence presented by her to Defendants was ignored. Am. Compl. at p. 25. Given that the exculpatory material was known to Plaintiff, she has no claim for the failure to disclose under *Brady*. *Leka v. Portuondo*, 257 F.3d at 100; *United States v. Feng Ling Liu*, 2015 WL 4460898, at *16 (S.D.N.Y. July 20, 2015).

### E. Fourth Amendment Claims

The first, fifth, seventh, and fifteenth causes of action allege the unlawful seizure of Plaintiff's child from her home. *See* Am. Compl. at pp. 22 & 33. Plaintiff may not maintain an action on behalf for her child for this removal because "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2011) ("A Fourth Amendment child-seizure claim belongs only to the child, not to the parent"); *Graham v. City of New York*, 869 F. Supp. 2d 337, 355 (E.D.N.Y. 2012) ("[P]arents do not have their own Fourth Amendment right to be free from a child's court-

approved removal."). Plaintiff is proceeding pro se and therefore cannot pursue claims on behalf of her minor child. *LeClair v. Vinson*, 2019 WL 1300547, at \*9.

### F. Remaining Claims[1]

Plaintiff's remaining causes of action should be dismissed because the asserted rights are not implicated on the facts presented or there is no private right of action available on these facts.

Plaintiff's eighth cause of action alleges violation of the Fifth Amendment. Am. Compl. at p. 29. The Fifth Amendment applies only to federal officials. *Ahlers v. Nowicki*, 2014 WL 1056935, at \*4 (N.D.N.Y. Mar. 18, 2014). Plaintiff has sued no federal officials, however, and so that claim must be dismissed. *Id.*; *Komatsu v. City of New York*, 2021 WL 3038498, at \*13 (S.D.N.Y. July 16, 2021).

The ninth cause of action, asserting a claim under the Eighth Amendment, also should be dismissed. This claim appears to relate to the placement of Plaintiff's child in a foster home. Am. Compl. at pp. 29-30. "[T]he Eighth Amendment's protection does not apply 'until after conviction and sentence.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)). The Eighth Amendment, therefore, is not implicated by the facts alleged by Plaintiff.

Plaintiff's tenth cause of action alleges violation of the Eleventh Amendment. Am. Compl. at p. 30. The Eleventh Amendment "relates only to suits in federal court against non-consenting states" and is not an independent basis for asserting legal claims against

---

[1] Though not designated as a distinct cause of action, the Amended Complaint also references alleged violations of HIPAA, *see* Am. Compl. at p. 22, but "HIPAA confers no private cause of action, express or implied," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020), and so any claim brought under that statute must be dismissed.

individuals. *Clarke v. Leading Hotels of the World, Ltd.*, 2015 WL 6686568, at *4 (S.D.N.Y. Oct. 29, 2015) (internal quotation omitted).

Plaintiff's eleventh and twelfth causes of action allege a breach of trust and the violation of the oaths of office of various Defendants. Am. Compl. at pp. 30-31. Courts, however, have repeatedly held that "there is no private cause of action for an official's alleged violation of an oath of office." *Scheiner v. Bloomberg*, 2009 WL 691449, at *3 (S.D.N.Y. Mar. 17, 2009) (citing cases).

Plaintiff's thirteenth cause of action alleges the existence of a conspiracy under 18 U.S.C. § 241. Am. Compl. at pp. 31-32. That criminal statute "do[es] not give rise to civil liability or authorize a private right of action." *Gilmore v. Karandy*, 2020 WL 4673896, at *2 n. 5 (N.D.N.Y. Aug. 12, 2020) (citing cases).

The fourteenth cause of action broadly alleges a violation of Plaintiff's due process rights. It, however, identifies no specific facts or Defendants and should be dismissed as conclusory.

### G. Dismissal Recommendation

For the reasons set forth above, the Court recommends dismissal of the Amended Complaint in its entirety. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a

complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend. Dkt. No. 22. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when she took no steps to do so with her first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases). Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: March 10, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge