UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CHRISTINE MARIE REEVES,

                              Plaintiff,

    -against-                                      1:21-CV-659 (LEK/DJS)

THE STATE OF NEW YORK,
ALBANY COUNTY FAMILY COURT,
AND BROOME COUNTY FAMILY
COURT

                              Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

        Plaintiff Christine Marie Reeves commenced this *pro se* action on June 6, 2021. Dkt. No. 1 ("Complaint"). The Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e) and dismissed without prejudice. Plaintiff filed an amended complaint, Dkt. No. 25 ("Amended Complaint"), which added several new defendants and more coherently articulated the factual and legal basis for Plaintiff's suit. The Honorable Daniel J. Stewart reviewed Plaintiff's Amended Complaint and issued a Report-Recommendation and Order, Dkt. No. 29 ("Report-Recommendation"), recommending that each of Plaintiff's Claims be dismissed with prejudice. For the reasons that follow, the Court approves and adopts the Report-Recommendation, except that Plaintiff's conspiracy claim under 42 U.S.C. § 1983 is allowed to proceed against some defendants. In addition, the Court examines two claims not addressed in the Report-Recommendation, the first for a purported deprivation of rights under 18 USC § 1941, and the second for state law defamation. The Court dismisses the first of these claims with prejudice and

the second is allowed to proceed against some defendants. Finally, the Court grants Plaintiff's motion to strike Exhibits 2 and 3 from her Amended Complaint.

## II.  BACKGROUND

### A. Factual Allegations

The relevant facts, as alleged in Plaintiff's Amended Complaint are as follows. Plaintiff and her ex-husband, Ryan Miller have one son. Am. Compl. at 7. Plaintiff and Miller divorced when their son was eighteen months old, and Plaintiff and her son moved to Albany shortly thereafter. Id. at 7–8. When Plaintiff's son was seven years old, the Broome County Family Court ordered that his overnight visits with Miller stop due to concerns about sexual abuse. Id. at 8. Plaintiff was granted full custody on July 11, 2018, by Broome County Family Court Judge Gary Rosa. Id.

Shortly thereafter, Miller, along with his attorney Kurt Schrader, and non-party individuals Greg Baum and Brenda Boice, launched a fictitious Child Protective Services ("CPS") case against Plaintiff via a correspondence from Stephen Molinsek to Judge Rosa. See id. at 9. Schrader subsequently filed a false, unsworn affidavit, signed by Baum, with the Broome Family Court. Id. at 10. The affidavit claimed that Plaintiff's son was in grave danger despite Baum having never met Plaintiff's son. Id. On March 6, 2019, this affidavit and testimony were denied by Judge Rosa. Id.

On the same day, a nearly identical affidavit was filed by Jazmine Pica, a Case Worker for Albany County Department for Children Youth and Families ("ACDCYF") and Carly Mousseau in Albany Family Court. Id. Around the same time, Police visited Plaintiff's home, stating that they had received a call alleging that Plaintiff was looking for a gun and that her son was in danger. Id. at 11. The Police officers found no such danger and concluded that someone was trying to cause problems for Plaintiff. Id.

On March 21, 2019, Plaintiff was notified of a hearing the following day in Albany Family Court. Id. Plaintiff attended without an attorney. Id. At the Court, Mousseau agreed to a continuance through the weekend if the case was moved from Judge Rivera's calendar to Judge Maney's calendar. Id.

In the subsequent days, Pica visited the homes of Miller, Miller's parents, and Miller's stepparents to evaluate them as new homes for Plaintiff's son. Id. at 12. Neither Plaintiff nor her family were ever contacted or consulted about these plans. Id.

On March 25, 2019, Plaintiff again received less than 24 hours' notice of her upcoming hearing, which Plaintiff alleges violated ACDCYF policy. Id. at 12. Plaintiff also asserts that other ACDCYF policies were violated, including a requirement that Prevention Services be present. Id. At the hearing, Pica testified that she told Miller, before any decision was made, not to follow an order to choose a therapist in Albany because Plaintiff's son would be moving to Broome County. Id. at 13. She also testified that she told Plaintiff she would provide services but decided not to. Id. at 14. Judge Maney, who Plaintiff describes as "visibly trembling,"[1] ultimately ordered that Plaintiff's son be taken into the custody of ACDCYF. See id.

Plaintiff's son was removed from her home following the hearing and spent four months at Catholic Charities before being sent—over his objections—to live with Miller. Id. at 16. Plaintiff has suffered additional harm as a result of the CPS investigation, including being denied a job opportunity. Id. at 15. Miller and Schrader also submitted false documents to the Broome County Family Court, claiming that Plaintiff remained employed at a job she had left eleven years prior. Id. at 20. As a result, Plaintiff was ordered to make child support payments that she

---

[1] Plaintiff asked Molinsek about Maney's trembling and was told that he was likely having delirium tremens, a symptom of alcohol withdrawal. See Compl. at 14.

3

could not afford to make, ultimately leading to Plaintiff's driver's license being suspended for failure to pay, and her car being impounded for driving with a suspended license. Id. 20–21.

### B. The Report-Recommendation

On March 10, 2022, Judge Stewart thoroughly reviewed Plaintiff's Complaint and found that each of her claims should be dismissed. See generally R. & R. In particular, Judge Stewart found (1) that all claims against Maney and Joyce are barred by judicial immunity, (2) that Ruth Supovitz was not a state actor, (3) that Plaintiff had not sufficiently alleged her conspiracy claims, (4) that Brady is inapplicable to Plaintiff's alleged facts, (5) that Plaintiff may not maintain a Fourth Amendment claim on behalf of her son, and (6) that Plaintiff's remaining claims must be dismissed because no right or private cause of action is implicated by the alleged facts. Id. Judge Stewart recommended that these dismissals be with prejudice because "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after Amendment," and because "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when she took no steps to do so with her first opportunity to amend." R. & R. at 7–8 (quoting Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc., No. 08-CV-7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) and then quoting Driessen v. Royal Bank Int'l, 14-CV-1300, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015)).

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified

4

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation, consequently, the Court reviews the Report-Recommendation for clear error.

The Court finds no clear error with regard to the Judge Stewart's recommended holdings except as to Plaintiff's conspiracy claim under 42 U.S.C. § 1983. However, the Court finds that three topics, including Plaintiff's Section 1983 conspiracy claim, require further consideration. Each is discussed below.

### A. Plaintiff's Third Cause of Action

The Report-Recommendation does not address Plaintiff's third cause of action, which purports to state a claim for deprivation of rights under 18 USC § 1941. Am. Compl. at 24. The Court is unable to identify any such statute, but interprets Plaintiff's third cause of action, similarly to her fifth cause of action, as attempting to state a claim for illegal seizure of her son. As Judge Stewart explained in his Report-Recommendation, "[a] Fourth Amendment child-

seizure claim belongs only to the child, not to the parent." R. & R. at 5 (quoting Southerland v. City of New York, 680 F.3d 127, 143 (2d Cir. 2011). As such, Plaintiff's third cause of action is dismissed with prejudice. See, e.g., Bennett v. Mnuchin, No. 20-CV-0243, 2020 WL 3046046, at *2 (N.D.N.Y. June 8, 2020) (dismissing with prejudice because allowing an opportunity to amend would be futile).

### B. State Law Defamation

Plaintiff has not explicitly listed defamation among her claims. However, she alleges that she was denied a job due to the "libelous record" created by the allegedly false CPS report, see Am. Compl. at 15, and has requested relief including "expungement of all Libelous records within ACDCYF and anywhere that Libelous records may occur," Am. Compl. at 33. Because "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted), the Court interprets Plaintiff's Amended Complaint as attempting to state a claim for state law defamation.

In New York, defamation is "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." Foster v. Churchill, 665 N.E.2d 153 (N.Y. 1996) (internal quotations omitted). "To prove a claim for defamation, a plaintiff must show: (1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm." Stepanov v. Dow Jones & Co., 987 N.Y.S.2d 37, 41–42 (N.Y. App. Div. 2014).

Here Plaintiff has alleged that "a fictitious CPS case was launched by SCHRADER, RYAN MILLER, GREG BAUM and BRENDA BOICE . . . as evidenced by a correspondence

6

MOLINSEK wrote to Gary Rosa, Broome County Family Court Judge." Am. Compl. at 9. Plaintiff has also alleged that she "was denied a position as a Family Nurse Practitioner due to 'an open CPS case' at the Center For Disability in Albany, New York due to the False Instruments filed." Id. at 15.

Plaintiff has adequately pled the first two prongs of a defamation claim against Schrader and Molinsek because she has alleged that they launched a fictitious CPS case through a correspondence sent to Judge Rosa. See Id. at 9. The Court interprets this as an allegation that false information regarding Plaintiff's ability to care for her son was published to Judge Rosa, a third party. Plaintiff has similarly met the fourth prong, that she was harmed, by alleging the denial of employment. Finally, Plaintiff has adequately alleged prong three, as she asserts that the fictitious CPS case was launched in retaliation for a previous custody decision. Id. at 9. "[A] person making a report of suspected child abuse to CPS is immune from liability if he or she acts in good faith," Hachmann v. Cty. of Nassau, 818 N.Y.S.2d 102, 103 (N.Y. App. Div. 2006), but here Plaintiff has adequately alleged bad faith, in the form of retaliatory intent.

Plaintiff has not alleged that any of the defendants aside from Schrader and Molinsek were involved in the launching of a fictitious CPS case. As such, Plaintiff's defamation claim is dismissed against all other defendants.[2]

### C. Conspiracy

In his Report-Recommendation, Judge Stewart recommends that Plaintiff's Section 1983 conspiracy claim be dismissed because "Plaintiff has failed to offer anything more than

---

[2] Based on Plaintiff's Amended Complaint, the Court concludes that it is possible that, by amending her complaint, Plaintiff could state a defamation claim against Pica, Mousseau, and/or Supovitz. For this reason, Plaintiff's defamation claim against these three defendants is dismissed without prejudice. Plaintiff's defamation claim against the remaining defendants is dismissed with prejudice.

conclusory allegations of a conspiracy." R. & R. at 4. However, the Court disagrees with this characterization of Plaintiff's Amended Complaint with regard to certain defendants. In particular, the Court finds Plaintiff's allegation that Schrader filed a false document in Broome County Family Court on the same day as Pica and Mousseau filed a nearly identical document in Albany County Family Court raises a strong inference of an agreement between these defendants.

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Here, there is no allegation that Schrader, Mousseau, or Molinsek were state actors, and as Judge Stewart noted, Supovitz also fails to qualify as a state actor. By contrast, Pica, as an employee of ACDCYF, a division of Albany County, is a state actor. See EC ex rel. RC v. Cty. of Suffolk, 882 F. Supp. 2d 323, 344 (E.D.N.Y. 2012), aff'd sub nom. E.C. ex rel. R.C. v. Cty. of Suffolk, 514 F. App'x 28 (2d Cir. 2013).

Under the first prong of the § 1983 conspiracy standard, Plaintiff must supply sufficient facts to indicate a meeting of the minds between Defendants. See Blue v. City of New York, No. 16-CV-9990, 2018 WL 2561023, at *9 (S.D.N.Y. June 4, 2018). Here, Plaintiff has alleged that Miller undertook the effort to remove Plaintiff's son from her custody in retaliation for his loss of custody rights. Am. Compl. at 9. Specifically, she alleges that Schrader and several non-party individuals including Miller launched a fictitious CPS case via a correspondence from Molinsek to Judge Rosa. Id. at 9. Plaintiff further alleges that Schrader subsequently filed a false, unsworn affidavit, signed by Baum, with the Broome County Family Court, id. at 10, and that Pica and

Mousseau filed a nearly identical document in Albany County Family Court, id. In addition, Plaintiff alleges that Pica visited Miller's home and the homes of Miller's parents and step-parents and that she told Miller not to follow an order to choose a therapist in Albany because Plaintiff's son would be moving to Broome County. Id. at 12–14. These facts are sufficient to plausibly indicate a meeting of the minds—that Pica, Schrader, Molinsek, and Mousseau, collaborated to wrongfully deprive Plaintiff of custody of her son. See Crespo v. New York City Police Com'r, 930 F. Supp. 109, 118 (S.D.N.Y. 1996) (declining to dismiss Section 1983 conspiracy claim where plaintiff's "allegations of conspiracy are not merely vague and conclusory; rather, he has alleged some facts from which the existence of a conspiracy could be inferred"); Ying Li v. City of New York, 246 F. Supp. 3d 578, 621 (E.D.N.Y. 2017) ("drawing all reasonable inferences in [] favor" of the plaintiff and declining to dismiss her Section 1983 conspiracy claim despite the fact that "[p]laintiff's pleading of her conspiracy claim is hardly robust"). By contrast, while Plaintiff has alleged that Supovitz participated in the alleged conspiracy, she has pled no facts showing that Supovitz participated in an agreement with other defendants. As such, Plaintiff's conspiracy claims against Supovitz are dismissed without prejudice.

Plaintiff has also adequately pled the second prong of the Section 1983 conspiracy standard because the alleged collaboration between Pica, Schrader, Molinsek, and Mousseau was directed at, and succeeded in, depriving her of custody of her child. See Young v. Cty. of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) ("Unquestionably there is a constitutional right to custody of one's children.").

Finally, Plaintiff has adequately pled the third prong of the section 1983 Conspiracy standard because she has alleged that the conspirators undertook several overt acts in furtherance

9

of their goal, including initiating a fabricated CPS complaint and filing false documents in both the Broome County Family Court and the Albany County Family Court. As such, Plaintiff's section 1983 conspiracy claim is allowed to proceed.

### D.  Remaining Defendants

In her Amended Complaint, Plaintiff names nine defendants and listed 20 Doe defendants. However, only five of these lack absolute immunity and are plausibly implicated by Plaintiff's conspiracy and defamation claims. The others, specifically: Amy Joyce, Gerard Maney, Mike Bourbon, ACDCYF, and all Doe defendants must be dismissed from this action with prejudice. In addition, Plaintiff's original complaint listed as defendants the State of New York, Albany County Family Court, and Broome County Family Court. See Compl. at 1. Plaintiff has not included these defendants in her amended complaint and, as discussed in this Court's earlier decision, Dkt. Nos. 14, 22, allowing Plaintiff to amend her complaint against these defendants would be futile. As such, they are also dismissed from the action with prejudice.

### E.  Fed. R. Civ. P. 12(f)

"The court may act . . . on its own" to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, while Plaintiff has sufficiently pled her conspiracy and defamation claims, she has also included superfluous and confusing sections in her Amended Complaint. As such, before requiring Defendants to respond, the Court hereby strikes the following from Plaintiff's Amended Complaint: all text preceding the "Introduction" heading; paragraphs 4(c), 4(d), 5, 6, 14, 16, 21–23, 36–38, 57–59, 67, 71, 74, 75, 82–85, 104, 105, 112–18, 120, 122–134; the contents of pages 33–40; and the entire contents of Dkt. No. 25-1.

### F.  Plaintiff's Motion to Strike

On December 3, 2021, Plaintiff filed a letter motion requesting to strike Exhibits 2 and 3, Dkt. Nos. 25-2, 25-3, from her Amended Complaint. Dkt. No. 27. The Court temporarily sealed both documents. The Court now grants Plaintiff's request. Both documents shall be sealed and stricken from the record.

### G. Appointment of Counsel

"The Court has the power and discretion to appoint counsel, *sua sponte,* for Plaintiff pursuant to the federal 'in forma pauperis' statute, 28 U.S.C. § 1915(d) (1988)." Peterson v. Tomaselli, No. 02-CV-6325, 2004 WL 2211651, at *19 (S.D.N.Y. Sept. 30, 2004). "The Second Circuit . . . has cautioned against appointing counsel in such cases unless the indigent 'first pass[es] the test of likely merit.' Id. (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 173 (2d Cir.1989)). However, the Second Circuit also made clear that "[i]n trial courts, the preliminary assessment of likely merit must be undertaken somewhat . . . generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel." Cooper, 877 F.2d at 174.

Here, the Court finds that Plaintiff's case may be of merit, but that potential merit is difficult to assess due to Plaintiff's pro se status and approach to legal filings. In the interest of justice, the Court sua sponte orders the appointment of counsel for the pretrial stage of this litigation. Should the case reach trial, the Court will reexamine the appointment of counsel.

At this time, the court declines to order the United States Marshal Service to serve Plaintiff's Complaint on the remaining defendants. As such, Plaintiff, through counsel, may file an Amended Complaint under Fed. R. Civ. P. 15 (a)(1)(A).

### V. CONCLUSION

Plaintiff faces a difficult situation regarding custody of her son; however, this Court lacks the authority to review the decisions of a New York Family Court or to amend its decisions. See

McKnight v. Middleton, 699 F. Supp. 2d 507, 515 (E.D.N.Y. 2010) (noting that federal district courts are barred from undoing family court judgements under the Rooker-Feldman doctrine), aff'd, 434 F. App'x 32 (2d Cir. 2011). Such amendments must be sought in Family Court.

Most of Plaintiff's claims could not plausibly be rendered viable by an amended pleading, and as such are dismissed with prejudice. By contrast, Plaintiff's claims for conspiracy and defamation are allowed to proceed with regard to some defendants.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 29) is **APPROVED and ADOPTED** except as described above; and it is further

**ORDERED**, that all of Plaintiff's claims be **DISMISSED with prejudice** except for her claim for conspiracy under 42 U.S.C. § 1983, and her claim for state law defamation. Plaintiff's conspiracy claim is allowed to proceed against Molinsek, Schrader, Pica, and Mousseau, and is dismissed without prejudice against Supovitz, while Plaintiff's defamation claim is allowed to proceed against Molinsek and Schrader, but dismissed without prejudice against Pica, Mousseau, and Supovitz; and it is further

**ORDERED**, that Defendants the State of New York, Albany County Family Court, Broome County Family Court, Albany County Department for Children Youth and Families, Amy Joyce, Gerard Maney, and Mike Bourbon are dismissed from this action with prejudice; and it is further

**ORDERED**, that the Clerk update the docket to reflect that the above listed defendants have been terminated from the action and that the remaining defendants are Jazmine Pica, Carly Mourname Mousseau, Kurt Schrader, and Stephen Louis Molinsek; and it is further

**ORDERED**, that the following are struck from Plaintiff's Amended Complaint: all text preceding the "Introduction" heading; paragraphs 4(c), 4(d), 5, 6, 14, 16, 21–23, 36–38, 57–59, 67, 71, 74, 75, 82–85, 104, 105, 112–18, 120, 122–134; the contents of pages 33–40; and the entire contents of Dkt. No. 25-1; and it is further

**ORDERED**, that the Clerk **SEAL** Dkt. Nos. 25-2, 25-3 such that access to the files is restricted to Court personnel; and it is further

**ORDERED**, that the Clerk **STRIKE** Dkt. Nos. 25-2, 25-3 from the record; and it is further

**ORDERED**, that counsel be appointed for pre-trial purposes; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	June 6, 2021
	Albany, New York

LAWRENCE E. KAHN
United States District Judge